# N. Y. COMMON PLEAS.

## HANNAH GREENTHAL agt. FREDERICK SCHNEIDER.

*Agreement — executory contract for sale and delivery of personal property — remedy of vendee where article furnished is not according to contract.*

Where the contract for the sale and delivery of goods, wares and merchandise is executory and there is no express warranty, the vendee must examine the article furnished as soon after he has accepted the same as practicable; and in case it does not correspond with the contract he must immediately return or offer to return it to the vendor, or at least notify him of the defects; and if he fails so to do he will be presumed to have accepted it in full performance of the contract, and waives any claim for damages he may have by reason of the breach.

Where, upon a sale of a large quantity of butter, it was shown upon the part of the defendant that when the plaintiff first offered the butter for sale he stated that it was "good, excellent butter."

*Held,* that this statement was merely descriptive of the quality of the article proposed to be sold, but not amounting to a warranty.

*Held, also,* that even if an express warranty could be predicated upon the representations made respecting the butter, it would, in this case, only go to the extent that the article itself was of a particular kind or quality, and not that it was fit and suitable for the use to which the defendant applied it.

*General Term, November,* 1875.

*Before* DALY, *Ch. J.,* LOEW *and* J. F. DALY, *JJ.*

APPEAL from a judgment of the seventh district court, entered on the verdict of a jury.

This action was brought to recover the contract-price of a large quantity of butter sold and delivered by the plaintiff to the defendant. The latter, who is by occupation a cake baker,

among other defenses set up a breach of contract and a breach of warranty. He claimed that the butter delivered to him was of such an inferior quality as to spoil the cakes on the several occasions when he used it in their composition, by reason of which he sustained damages to the amount of $250.

On the trial it was shown, on the part of the defendant, that when the plaintiff first offered the butter for sale, he stated that it was " good, excellent butter."

The jury found a verdict in favor of the plaintiff for the full amount claimed. The defendant appealed to this court.

*David Levy*, for defendant, appellant.

*Townsend & Levinger*, for plaintiff, respondent.

LOEW, *J.* — Where the contract for the sale and delivery of goods, wares and merchandise is executory and there is no express warranty, the vendee must examine the article furnished as soon after he has accepted the same as practicable, and in case it does not correspond with the contract he must immediately return or offer to return it to the vendor, or at least notify him of the defects; and if he fails to do so he will be presumed to have accepted it in full performance of the contract, and waives any claim for damages he may have by reason of the breach (*Reed* agt. *Randall*, 29 *N. Y.*, 358).

In the case at bar the statements which the defendant claims were made by the plaintiff were merely descriptive of the quality of the article he proposed to sell, and cannot fairly be considered as amounting to a warranty. It was, therefore, incumbent on the defendant to inspect the butter and ascertain its quality or condition as soon after receiving the same as opportunity offered. This he failed to do. On the contrary it appears, from his own testimony, that he kept it some ten days before he examined it, and that he subsequently used a great portion of it in his business before he notified the plaintiff and offered to return the residue. Under these

Greenthal agt. Schneider.

circumstances the defendant could not recoup or counter-claim the damages which he claims to have sustained by rea-son of the inferior quality of the butter.

But even if an express warranty could be predicated upon the representations made respecting the butter, it would, in this case, only go to the extent that the article itself was of a particular kind or quality, and not that it was fit and suitable for the use to which the defendant applied it (*Milburn* agt. *Belloni*, 34 *Barb.*, 607). There is nothing in the evidence to show that the defendant as much as informed the plaintiff that the butter was to be used for a special purpose. The only damages that the defendant could therefore, in any event, recoup, would be the difference between the value of the article as it was and its value if it had been as repre-sented, and on this point no evidence was given.

The judgment should be affirmed, with costs.

DALY, Ch. J., and J. F. DALY, J., concurred.